IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHNNY RAY JOHNSON,                §
                                  §
        Petitioner,               §
                                  §
v.                                §        CIVIL ACTION NO. H-05-0035
                                  §
DOUG DRETKE, Director,            §
Texas Department of Criminal      §
Justice-Correctional              §
Institutions Division,            §
                                  §
        Respondent.               §

**MEMORANDUM OPINION AND ORDER**

Petitioner Johnny Ray Johnson is a Texas death row inmate. This case is before the Court on Johnson's Petition For A Writ of Habeas Corpus (Document No. 1) and Respondent Doug Dretke's Motion To Dismiss As Time Barred (Document No. 9) and Alternative Motion for Summary Judgment (Document No. 10). After having carefully considered the Petition, the Motions, and the arguments and authorities submitted by counsel, the Court is of the opinion that Respondent's Motion to Dismiss should be GRANTED, and Johnson's Petition for Writ of Habeas Corpus should be DISMISSED as time barred; and alternatively, that Respondent's Motion for Summary Judgment should be GRANTED and Johnson's Petition should be DISMISSED with prejudice.

I.  <u>Background</u>

Johnson was convicted of capital murder and sentenced to death for the murder of Leah Joette Smith during the course of committing or attempting to commit aggravated sexual assault.  The trial evidence showed that Johnson raped and intentionally killed Smith by repeatedly striking her head against cement and stomping on her head.  Johnson confessed that he beat Smith's head against the cement, raped her, stomped on her, left the scene, then returned and raped Smith again before leaving her to die.  *See* <u>Johnson v. State</u>, No. 72,422, slip op. at 5-7 (Tex. Crim. App. Feb. 25, 1998).  During the penalty phase, the State introduced evidence that Johnson had two prior convictions for sexual assault and numerous unadjudicated sexual offenses.  The State also presented Johnson's confession to sexually assaulting and killing several prostitutes, and presented evidence that Johnson sexually assaulted members of his own family, including raping his older sister twice.  Johnson's niece testified that Johnson raped her when she was eight or nine years old.  The defense presented only an expert witness who testified that a person of Johnson's age, facing imprisonment for at least 40 years, was statistically unlikely to commit future acts of violence.  Based on this evidence, the jury concluded that Johnson posed a continuing threat to society, and that there was not sufficient mitigating evidence to justify imposition of a life sentence.  Accordingly, the trial court sentenced Johnson to death.

The Texas Court of Criminal Appeals affirmed Johnson's conviction and sentence on February 25, 1998.  <u>Johnson v. State</u>, No. 72,422 (Tex.Crim.App. Feb 25, 1998).  Johnson did not seek a writ of certiorari from the Supreme Court of the United States.  Johnson's conviction thus became final when his time for seeking review in the Supreme Court expired, on May 26, 1998.  *See* 28 U.S.C. § 2244(d)(1); Sup. Ct. R. 13.

Johnson filed his state application for a writ of habeas corpus 52 days later, on July 17, 1998.  The Texas Court of Criminal Appeals denied relief on February 18, 2004.

## II.   <u>Discussion</u>

A.   <u>The Antiterrorism and Effective Death Penalty Act</u>

This federal petition for habeas relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which became effective April 24, 1996.  *See* <u>Lindh v. Murphy</u>, 521 U.S. 320, 335-36 (1997).  Under the AEDPA, a state prisoner has one year from the date on which his state court conviction became final to file his federal habeas corpus petition. The statute of limitations is tolled during the time the prisoner has pending a properly filed application for state post-conviction or other collateral review.  28 U.S.C. § 2244(d).

Federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the

state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d); <u>Kitchens v. Johnson</u>, 190 F.3d 698, 700 (5th Cir. 1999).

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this Court may grant federal habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See* <u>Martin v. Cain</u>, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001).   Under the "contrary to" clause, this Court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" <u>Dowthitt v. Johnson</u>, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting <u>Williams v. Taylor</u>, 529 U.S. 362, 406 (2000)), *cert. denied*, 532 U.S. 915 (2001).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state

prisoner's case" or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams, 529 U.S. at 406.  "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." Hoover v. Johnson, 193 F.3d 366, 368 (5th Cir. 1999).  A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." Neal v. Puckett, 239 F.3d 683, 696 (5th Cir. 2001), aff'd, 286 F.3d 230 (5th Cir. 2002) (en banc), cert. denied sub nom. Neal v. Epps, 537 U.S. 1104 (2003).  The solitary inquiry for a federal court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'"  Id. (quoting Hennon v. Cooper, 109 F.3d 330, 335 (7h Cir. 1997)); see also Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set

of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2); <u>Hill v. Johnson</u>, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).  The state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also* <u>Jackson v. Anderson</u>, 112 F.3d 823, 824-25 (5th Cir. 1997) *cert. denied*, 522 U.S. 1119 (1998).

B.   <u>The Standard for Summary Judgment in Habeas Corpus Cases</u>

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000).  Insofar as they are consistent with established habeas practice and procedure, the Federal Rules of Civil Procedure apply to habeas cases.  *See* Rule 11 of the Rules Governing Section 2254 Cases.  In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the non-moving party.  *See* <u>Anderson v. Liberty</u>

6

Lobby, 477 U.S. 242, 255 (1986) (The "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). However where a state prisoner's factual allegations have been adversely resolved by express or implicit findings of the state courts, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. Marshall v. Lonberger, 459 U.S. 422, 432 (1983); Sumner v. Mata, 449 U.S. 539, 547 (1981); May v. Collins, 955 F.2d 299, 310 (5th Cir. 1991), cert. denied, 504 U.S. 901 (1992); Emery v. Johnson, 940 F. Supp. 1046, 1051 (S.D. Tex. 1996), aff'd, 139 F.3d 191 (5th Cir. 1997), cert. denied, 525 U.S. 969 (1998). Consequently, where facts have been determined by the Texas state courts, this Court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

C.   The Timeliness of Johnson's Petition

The parties agree that, under 28 U.S.C. § 2244(d)(1), the statute of limitations on Johnson's federal petition expired on December 27, 2004. Johnson did not file his petition until January 3, 2005.

Johnson contends that his counsel worked diligently on the petition but that, while putting the finishing touches on the

petition at approximately 7:30 p.m. on the due date, counsels'
computer failed and they were unable to recover the petition for
several days.  Johnson also claims that Dretke agreed to an
extension of time until "at least December 30, 2004."  Johnson
claims that this date was just an estimate, and that he "assumed
. . . that the agreed upon extension period was some what [sic]
flexible. . . ."  Johnson points to nothing suggesting that Dretke
ever agreed to any such flexibility.  Indeed, Dretke denies ever
having any such conversation or agreeing to an extension of any
length.  Regardless whether any such agreement was made, Johnson
admits that he did not even attempt to file a petition until
December 31, 2004.  He claims that there was a problem with the
time stamp at this Court's after-hours drop box on that date and,
therefore, the petition was not filed until the next business day,
January 3, 2005.  Johnson contends that the computer failure and
the alleged agreement entitle him to equitable tolling of the
statute of limitations.

The AEDPA statute of limitations is not jurisdictional, and is
subject to equitable tolling "in rare and exceptional
circumstances."  Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir.
1998), cert. denied, 526 U.S. 1074 (1999).  "Rare and exceptional
circumstances" exist when a petitioner is actively misled by the
state or prevented in some extraordinary way from asserting his
rights.  "But, a garden variety claim of excusable neglect by the

petitioner does not support equitable tolling." Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002), *cert. denied*, 537 U.S. 1116 (2003) (internal quotation marks and citation omitted).

The most generous reading of Johnson's claim for equitable tolling is that Dretke agreed to an extension of time for Johnson to file his petition until December 30, 2004 (though Dretke denies ever making such an agreement). By Johnson's own admission, he never attempted to file his petition until December 31, 2004, one day *after* the allegedly agreed upon extension expired. Johnson justifies this late filing by stating that he "assumed" the extended deadline was flexible, but points to no statement by Dretke supporting any such assumption. Therefore, Johnson cannot claim that the State in any way misled him.

Johnson's explanation for his late filing, at most, rises only to the level of excusable neglect that does not support equitable tolling. Johnson offers no reason why he could not have filed a skeletal petition (handwritten if need be) either by the statutory deadline or by the allegedly extended deadline. Johnson could have supplemented a skeletal petition after counsel's computer was fixed. Therefore, Johnson fails to demonstrate rare and exceptional circumstances necessary to justify equitable tolling, and his petition is time-barred.

> [T]he application of procedural rules may appear formalistic – particularly in a death penalty case – when applied to bar a facially

9

plausible habeas petition because of an error
by habeas counsel.  We emphasize, however,
that Congress has imposed a strict one-year
limitations period for the filing of all
habeas petitions under the AEDPA, subject only
to the narrowest of exceptions.  The
petitioner, through his counsel, clearly had
notice of this potential bar to his claim for
federal relief and yet imprudently failed to
abide by the statute.  This case simply does
not present the sort of rare and exceptional
circumstances that would justify equitable
tolling.

Fierro v. Cockrell, 294 F.3d 674, 684 (5th Cir. 2002), *cert.*

*denied*, 538 U.S. 947 (2003).[1]

---

[1] Petitioner also argues that equitable tolling should be more
readily invoked in capital cases due to the impending penalty of
death.  He suggests that the time between a federal habeas
petitioner's motion for an appointment of counsel and the Court's
determination of that motion is an appropriate period to invoke
equitable tolling.  In this case petitioner's motion for
appointment of counsel was filed March 1, 2004, and the Court's
Order appointing counsel was signed and entered March 12, 2004,
nine and one-half months before the statutory limitations period
expired on December 27, 2004.  Congress presumably recognized that
some period of time would reasonably be required for a Court to act
on a motion for appointment of counsel when it provided for a
limitations period of as much as a full year.  In any event, the
Court is not persuaded that the several days consumed in the
appointment process in March constitute "rare and exceptional
circumstances" that warrant equitable tolling, especially in this
instance where there is no showing that the Petition could not have
been filed well in advance of December 27th, and Petitioner's
counsel, after choosing not to file until the last day,
unexpectedly experienced a computer word processing problem.

D.   <u>Summary Judgment in the Instant Case</u>

Although the Court is of the opinion that Johnson has not shown himself entitled to equitable tolling of the limitations period and that his Petition is properly dismissed as time barred, in the event that this Court has erred in that judgment it will consider as well Respondent's Alternative Motion for Summary Judgment.

Johnson raises only one claim for relief in his petition: that his trial counsel rendered ineffective assistance by failing to investigate his background and present mitigating evidence during the penalty phase of his trial.

To prevail on a claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  In order to prevail on the first prong of the <u>Strickland</u> test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness.  Reasonableness is measured against prevailing professional norms, and must be viewed under the

11

totality of the circumstances.  Review of counsel's performance is deferential.  Id. at 687-89.

Johnson argues that he received ineffective assistance of counsel because counsel failed to conduct a thorough investigation of his background.  He submits a declaration by a private investigator stating that evidence was available showing, among other things, that Johnson was raised in foster homes where he suffered physical, emotional, and sexual abuse, received inadequate medical care as a child, has a low IQ and learning disabilities, and suffers from undiagnosed mental illness.  See Pet. Exh. D. Dretke argues that this declaration was not presented to the Texas state courts and therefore cannot be considered by this Court.  As discussed below, however, even if this declaration were considered, it would provide no grounds for relief.

Johnson's trial counsel asserted, and the state habeas court found, that counsel made a strategic decision not to present Johnson's family members as witnesses because of Johnson's history of violence toward some of his own family members.  Johnson counters that his violence was directed at biological relatives, not the foster relatives who could have provided mitigation evidence.

Counsel had a duty to investigate, and "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the

limitations on investigation." Wiggins v. Smith, 539 U.S. 510, 521 (2003) (internal quotation marks and alteration omitted).   When assessing the reasonableness of an attorney's investigation, a court must "consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." Id. at 527.   To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. See United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).   Assuming that the decision not to investigate further was unreasonable, however, Johnson still fails to demonstrate prejudice caused by that decision.

The Fifth Circuit has held that "complaints based upon uncalled witnesses [are] not favored because the presentation of witness testimony is essentially strategy and thus within the trial counsel's domain, and . . . speculations as to what these witnesses would have testified is too uncertain." Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985) (citing United States v. Cockrell, 720 F.2d 1423, 1427 (5th Cir. 1983), cert. denied, 467 U.S. 1251 (1984)).   "In order for the appellant to demonstrate the requisite Strickland prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial." Id.

Under circumstances more compelling than those presented here, the Fifth Circuit declined to find ineffective assistance of counsel.  In Foster v. Johnson, 293 F.3d 766 (5th Cir. 2002), the petitioner submitted affidavits from several family members stating that they were not contacted by counsel; that they would have been available to testify at the punishment phase of the petitioner's capital murder trial; and that they could testify as to areas no other witness addressed, the petitioner's drinking problem and his father's drinking problem during the petitioner's youth.  Id. at 783.  No such evidence was presented at trial although the petitioner wanted the jury to consider his intoxication at the time as a mitigating factor.  The Mississippi Supreme Court concluded that these additional witnesses would not have altered the outcome of the trial, in which there was mitigating evidence introduced that petitioner was young, had no criminal history, did poorly in school and dropped out in the eighth grade, and carried no gun into the store where the murder occurred.  The Fifth Circuit held that the petitioner was not entitled to relief on the basis of ineffective assistance of counsel.  Id. at 783-84.

While Johnson submits a declaration by a private investigator asserting that she uncovered useful mitigation evidence, she does not identify specific witnesses, and Johnson, unlike Foster, offers no affidavit by even a single potential witness stating that the witness would have testified if asked.  Accordingly, Johnson fails

14

to demonstrate that there were any helpful mitigation witnesses available for his counsel to call.  Johnson therefore fails to demonstrate prejudice.

Johnson also fails to demonstrate prejudice for another reason:  it is highly unlikely that the evidence that he claims was available would have changed the outcome of the trial.  "[T]he question is whether there is a reasonable probability that, absent the errors, the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances did not warrant death."  Strickland, 466 U.S. at 695.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  As the Fifth Circuit succinctly framed this concept: "Is this additional mitigating evidence so compelling that there is a reasonable probability at least one juror could reasonably have determined that . . . death was not an appropriate sentence?"  Neal v. Puckett, 239 F.3d 683, 692 (5th Cir. 2001).

The jury found that Johnson committed the extremely violent murder and rape of Ms. Smith.  During the sentencing phase, the jury learned that Johnson confessed to multiple other murders and rapes, and heard much about Johnson's other violence including his twice raping his own sister and raping his eight or nine-year-old niece.  In the context of Johnson's history of extreme and brutal violence, it is simply not the case that evidence of Johnson's childhood abuse and privations in foster homes was "so compelling

that there is a reasonable probability at least one juror could reasonably have determined that . . . death was not an appropriate sentence." _Id._

The state habeas court found on this record that Johnson's counsel did not render ineffective representation under _Strickland_ in deciding not to present more of Johnson's personal history. Petitioner has failed to show that the state habeas court's adjudication of his claim was contrary to or involved an unreasonable application of clearly established federal law. Dretke is entitled to summary judgment if the claim is not time barred.

## III.   Certificate of Appealability

Johnson has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing ruling. _See_ _Alexander v. Johnson_, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA _sua sponte_.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.")  A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for COA until the district court has denied such a request. _See_ _Whitehead_

v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998); *see also* Hill v. Johnson, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.")

The Supreme Court has stated that

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). "The nature of the penalty in a capital case is a 'proper consideration in determining whether to issue a [COA], but the severity of the penalty does not in itself suffice to warrant the automatic issuing of a certificate.'" Washington v. Johnson, 90 F.3d 945, 949 (5th Cir. 1996) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)), *cert. denied*, 520 U.S. 1122 (1997).

There is no dispute that Johnson's petition was untimely. While it is particularly regrettable to find that a petition is time-barred in a capital case, reasonable jurists could not disagree that Johnson is not entitled to equitable tolling of the statute of limitations under the circumstances of this case.

17

Regardless, this Court has also carefully considered Johnson's claim. While the issue Johnson raises is clearly important and deserving of the closest scrutiny, the Court finds that the claim is foreclosed by clear, binding precedent. This Court concludes that under such precedent, Johnson has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court therefore concludes that Johnson is not entitled to a certificate of appealability.

IV.   <u>Order</u>

For the foregoing reasons, it is ORDERED as follows:

1.    Respondent Doug Dretke's Motion to Dismiss as Time Barred (Document No. 9) is GRANTED;

2.    In the alternative, Dretke's Motion For Summary Judgment (Document No. 10) is GRANTED;

3.    Petitioner Johnny Ray Johnson's Petition for Writ of Habeas Corpus (Document No. 1) is DISMISSED with prejudice; and

4.    No Certificate of Appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 9th day of March, 2006.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

18